IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES R. LUCAS,

    *Plaintiff,*

vs.

    Case No. 20-CV-02509-EFM

DADSON MANUFACTURING
CORPORATION, *et al.*,

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff James R. Lucas proceeds pro se. Plaintiff brought an action against Defendants Dadson Manufacturing Corporation and Peter B. Lucas, alleging various causes of action stemming from a business dispute. On December 14, 2020, Defendants filed their respective Motions to Dismiss, which this Court granted on July 7, 2021. The Court then entered judgment against Plaintiff. This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 20). For reasons outlined below, the Court denies the motion.

### I.     Legal Standard

Local Rule 7.3 governs motions to reconsider.[1]  "The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence."[2]  A motion to reconsider is not an appropriate method for a party to revisit issues already addressed or to advance new arguments and supporting facts that were originally available.[3]  In other words, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[4]

The decision regarding whether to grant or to deny a motion for reconsideration is left within the sound discretion of the district court.[5]  Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings,[6]  but such liberal construction does not relieve the plaintiff of his burden to demonstrate that reconsideration is proper.[7]

---

[1] D. Kan. R. 7.3.

[2] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, *1 (D. Kan. 2011) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992)).

[3] *Id*.

[4] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[5] *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. 2000) (citations omitted).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *See id*.

## II.     Analysis

Under D. Kan. R. 7.3(a), "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." Thus, "[t]he court will not grant reconsideration of such an order or judgment under [Local Rule 7.3]."[8] Here, Plaintiff requests that the Court reconsider its dispositive order granting Defendants' Motions to Dismiss. Plaintiff was therefore required to file a motion pursuant to Fed. R. Civ. P. 59(e) or 60.[9] Plaintiff failed, however, to invoke Rule 59(e) or 60 at any place in his motion and instead merely asks the Court to reconsider its order dismissing the case. Although Plaintiff is proceeding pro se and the Court must liberally construe Plaintiff's motion,[10] Plaintiff is still "subject to the same rules of procedure that govern other litigants."[11] Because Plaintiff failed to properly invoke Rule 59(e) or 60, Plaintiff's motion must be denied as improper.

Even if Plaintiff properly filed a Rule 59(e) or 60 motion, however, he would still not meet that standard. Rule 60 motions are "not intended to be a substitute for a direct appeal"[12] and are "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."[13] Thus, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first

---

[8] D. Kan. R. 7.3(a).

[9] *Id*.

[10] *Hall*, 935 F.2d at 1110.

[11] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (citation omitted).

[12] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (citation omitted).

[13] *FDIC ex rel. Heritage Bank & Tr. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 577 (10th Cir. 1996)).

motion was filed."[14]  Here, Plaintiff revisits his grievances with prior state court judgments and reasserts arguments already addressed by this Court.  He further attempts to allege facts not included in his initial or amended complaint, although they appear to have been available to Plaintiff at the time he filed this suit.  Plaintiff therefore provides the Court with no basis to overturn its prior judgment and his motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 20) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 8th day of September, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Servants of the Paraclete*, 204 F.3d at 1012.